**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ELIEZER JOSE YANEZ MARCANO,** **Petitioner,** | § § § | |
| **v.** | § § | |
| **WARDEN**, *Camp East Montana Detention Facility*, *et al.*, **Respondents.** | § § § § § | **EP-26-CV-02253-DB** |

**ORDER TO SHOW CAUSE & PREVENT PETITIONER'S REMOVAL FROM DISTRICT AND UNITED STATES**

On this day, the Court considered the above-captioned case. On August 31, 2026, Eliezer Jose Yanez Marcano ("Petitioner") filed *pro se* a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Request for Immediate Release, Bond, or Release Under ATD," ECF No. 1. Petitioner is currently detained at ERO El Paso Camp East Montana in the Western District of Texas. ECF No. 1 at 1. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 4.

Petitioner is a Venezuelan national who entered the United States at an unknown date. *Id.* at 1. Petitioner taken into immigration custody on March 6, 2026, after a court hearing concerning the disposal of garbage in an area where such disposal was prohibited. *Id.* He asserts he has no serious criminal history, has a pending I-130 based on his marriage to his U.S. citizen wife, and is not a flight risk. *Id.* at 3–4. To date, Petitioner has not received a bond hearing before an immigration judge. *Id.* at 3. Petitioner asserts his due process rights are being violated because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing justifying his detention. *Id.* at 3–4.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025).[1] As such, it appears from the writ that it should be granted.[2] Nonetheless, this Court will afford Respondents three days to respond as to why it should not be. In so doing, Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.[3]

[1] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change the outcome in *Viera* or the Court's subsequent decisions, which were decided on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

[2] 28 U.S.C § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. . .").

[3] On July 2, 2026, a Fifth Circuit panel issued an opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, ECF No. 160 (5th Cir.) wherein it held noncitizens like the named petitioners have due process rights and the "Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." The panel opinion was vacated on July 10, 2026, when the Fifth Circuit granted rehearing *en banc*. Thereafter, on July 21, 2026, the Fifth Circuit issued a short order granting the Government's motion for stay of the district court judgments pending rehearing *en banc*. *See Sosnava Rodriguez v. Ortega*, No. 26-50183, ECF No. 199 (5th Cir.). Respondents argue the Fifth Circuit's stay order mandates this Court to cease granting any immigration habeas relief under due process principles until an *en banc* decision is rendered. *See e.g.*, Federal Respondents' Opposed Motion to Stay the Court's Order, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 28, 2026), Dkt. 7. This is an argument this Court has rejected. *See* Order Denying Motion to Stay, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 31, 2026), Dkt. 10. On August 27, 2026, the Fifth Circuit

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so,[4] this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

Accordingly, **IT IS HEREBY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the

granted the Government's request to stay three district court judgments granting petitioners habeas relief on due process grounds following the *Sosnava* Stay Order, ECF No. 199. *See* Order, *Tolentino-Rodriguez v. Blanche*, No. 26-20424, ECF No. 32 (5th Cir.). Respondents will undoubtedly argue this second Order directs this Court to cease granting any immigration habeas relief under due process principles. But, once again, the Fifth Circuit's Order, ECF No. 32, provides no reasoning, mandate, or clarification regarding the effect of the *Sosnava* stay, ECF No. 199, on habeas petitions pending before the lower courts. Accordingly, this Court's previous interpretation and decision regarding the *Sosnava* stay's effect remains unchanged absent clear direction otherwise.

[4] *See, e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. [5]

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ should not be granted by filing a response **no later than September 8, 2026.**

**IT IS FINALLY ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than September 11, 2026.**

**SIGNED** this **2nd** day of **September 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

[5] While physical removal itself is stayed, for Petitioners with final orders of removal, this order shall not be construed to halt removal preparation efforts. In the event Respondents are ready to remove a Petitioner with a pending habeas case, it may seek a lift of the stay of removal or to dismiss the petition as moot.